RIVERA, PETITIONER AND APPELLANT, *v.* AYBAR, MUNICIPAL JUDGE, RESPONDENT.

APPEAL from the First District Court of San Juan in Certiorari Proceedings.

No. 3053.—Decided November 26, 1923.

VENUE—CHANGE OF VENUE—MUNICIPAL COURTS—PERSONAL ACTION.—The provisions of the Code of Civil Procedure governing the place of trial of civil actions and determining when cases should be transferred from one district

court to another, are applicable to municipal courts; therefore, when in a personal action of which a municipal court has jurisdiction the defendant makes a formal motion for a change of venue to the municipal court of his domicile, the motion should be granted.

ID.—ID.—ID.—PLEADING.—A motion for change of venue in an action involving an amount not greater than $100 must necessarily be made upon answering the complaint and not upon demurring to it, as required by Act No. 10 of 1921; but a proper demurrer may be set up in the answer.

The facts are stated in the opinion.

*Mr. A. L. López* for the appellant.

*Mr. V. M. Fernández* for the adverse party.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant having been sued in one of the municipal courts of San Juan for the sum of $100 that he acknowledged to be due as the balance of a transaction, he demurred to the complaint and moved for the transfer of the case to the Municipal Court of Caguas where he was summoned and has his residence, the action being a personal one. The municipal court overruled the motion and thereupon the defendant petitioned the district court for a writ of certiorari in order to correct that ruling. The writ was issued, but after both parties were heard the district court discharged the writ and from that decision the present appeal was taken.

The Code of Civil Procedure, which governs the prosecution of civil proceedings in the district courts, establishes in sections 75 to 86, inclusive, rules fixing the place of trial of cases and the instances in which they should be transferred to another district court. These rules are applicable to the municipal courts, inasmuch as section 3 of the Act of 1904 reorganizing the judiciary provides that all proceedings in the municipal courts shall be conducted according to the rules and proceedings in force in the district courts. It is true that as the Code of Civil Procedure was adopted for the district courts, it refers to transfers from one district court to another, but as the said code governs the municipal courts also in proper cases, it must be understood

that the transfer is from one municipal court to another of equal jurisdiction, in order to comply with the provision that personal actions, like the present, should be tried in the municipal district where the defendant resided at the commencement of the action, and may be transferred to that district if brought in another municipal district and a transfer is asked for in accordance with the law. In actions like this that are not included in sections 75 and 79 of the said code, the jurisdiction is exclusively in the court of the place of residence of the defendant, in accordance with section 81, unless he submits to another court of equal jurisdiction; therefore, when the defendant makes a timely motion for change of venue to the municipal court of his domicile, the motion should be granted. In the case of *Almenas* v. *Iriarte, Municipal Judge,* 29 P. R. R. 352, on appeal in the case of a petition for a writ of prohibition, this Court held that the Municipal Court of Caguas and not that of Río Piedras, where the proceeding was brought, had jurisdiction because the action was personal and the defendant resided in Caguas.

So much being premised, let us see whether in this case the motion for change of venue was made according to law.

We have said that the Code of Civil Procedure is applicable to municipal courts and that code provides that a motion for change of venue must be made upon answering or demurring to the complaint; but thereafter, or on April 29, 1921, the Legislature passed Act No. 10 establishing special proceedings in the municipal courts for claims not exceeding $100, the amount sued for in this action, and that act provides that after the complaint is filed in the municipal court having jurisdiction of the matter the judge of said court shall order that the interested parties be summoned to appear within three days after service of the summons if the defendant resides within the municipal district, and within six days in other cases, unless the defendant should

reside outside of Porto Rico. At this hearing the defendant shall answer in writing and the court shall then proceed to hear the evidence offered by both parties, in the shortest times possible, and the said answer may include any set-off or counter-claim of the defendant.

As this act provides for special procedure different from that of the Code of Civil Procedure, the question for decision is whether, inasmuch as it says nothing with regard to the filing of a demurrer by the defendant and merely provides for an answer to the complaint at the hearing, the motion for transfer should be made upon answering or whether it may be made upon demurring, as the appellant now contends.

It is true, as the appellant maintains, that a defendant may appear and demur to the complaint, although he is summoned to answer, but this is so because section 105 of the Code of Civil Procedure authorizes the defendant to demur to the complaint or answer it; yet as the Act of 1921 establishes a special procedure and says nothing about a demurrer made before answering and orders that the defendant shall answer at the hearing, we are of the opinion that he can not demur before answering and that he must answer the complaint, albeit he may include a demurrer in the answer. For this reason, in order that the defendant may move for a change of venue he must accompany his motion by an answer, and in this case it was not sufficient to file a demurrer to the complaint, because this kind of pleading is not allowed in cases coming under Act No. 10 of 1921; therefore, section 82 of the Code of Civil Procedure allowing a motion for a transfer at the time of demurring to the complaint has been modified in this respect.

The order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf dissented.

DISSENTING OPINION OF MR. JUSTICE WOLF.

Perhaps it would have been technically more correct if I had agreed that the judgment of the lower court in quashing the certiorari should be affirmed. As, however, I think the municipal court was without jurisdiction to order a change of venue and as the opinion of this court decides that such jurisdiction existed, a dissent seemed more logical.

At common law actions of this nature were transitory and a defendant might be sued where found. Statutes in most states have made jurisdiction depend upon the residence of the defendant unless he submits. In Porto Rico by statute this is true for the district courts, but the statute does not expressly apply to municipal courts. I am not convinced that a statute providing for municipal courts a procedure similar to the district courts could confer upon them jurisdiction which said municipal courts did not otherwise possess. I shall treat this a little more at length in discussing my principal point.

This point is, assuming that jurisdiction in Porto Rico depends on the residence of a defendant, no statute makes any provision for a change of venue from one municipal court to another. To give a court jurisdiction by change of venue is one thing. To say, as does section 3 of the Act of 1904, that the proceedings in the municipal courts must be conducted according to the rules and proceedings in the district courts, is another. This section, to my mind, clearly means that the procedure to be followed by the municipal courts must conform to the rules and procedure after the municipal court acquires jurisdiction. The statute confers no new jurisdiction. If the municipal court is without jurisdiction it can declare that fact, but the law gives it no authority to transfer a cause. Statutes conferring jurisdiction or power to transfer must be strictly construed, as witness the majority opinion in this case. I should not dissent from the

reasoning of the said opinion if I agreed on the right of municipal courts to order changes of venue.